John Boynton *vs.* The Peterborough and Shirley Railroad Company.

Where the land of one deceased is taken for a railroad, the heir and not the administrator is entitled to the damages for such taking, and to prosecute for the recovery thereof, although the administrator has previously represented the estate to be insolvent, and afterwards obtained a license to sell the intestate's real estate for the payment of debts.

The petitioner, in this case, as the administrator of the estate of Oliver Page, having applied to the county commissioners, for an estimate of the damages occasioned by the location of the Peterborough and Shirley railroad over the land of his intestate, and the same having been estimated and awarded to him, the proprietors of the railroad applied to the commissioners to summon a jury to revise the same. The commissioners accordingly ordered a jury to be summoned, and appointed Charles R. Train, esquire, to preside at the trial.

At the trial before the jury, it appeared, that Oliver Page died on the 26th of November, 1846, seized of the land afterwards taken by the respondents for their road; that Boynton, the petitioner, was duly appointed administrator of Page's estate, and accepted that trust; that, on the 12th of January, 1847, the administrator represented the estate insolvent to the judge of probate, who thereupon appointed commissioners to examine the claims against the same; and that the estate was, in fact, deeply insolvent; that the respondents filed the

location of their road over the land in question, on the 22d of March, 1848; that, on the 11th of April, 1848, the petitioner obtained a license from the judge of probate to sell the real estate of his intestate for the payment of debts; and that Page left one daughter, his sole heir.

The respondents requested the presiding officer to instruct the jury, that upon the facts proved, the petitioner had no such interest in the land taken, as would by law entitle him to recover damages therefor; but the presiding officer, for the purposes of the trial, instructed the jury otherwise, and they returned a verdict accordingly for the petitioner. The respondents excepted to this instruction, and the presiding officer certified the same with the verdict. The court of common pleas ordered the verdict to be set aside, and the petitioner appealed to this court.

*G. F. Farley* and *F. A. Worcester*, for the respondents.

*B. Russell* (with whom was *J. P. Converse*), for the petitioner.

SHAW, C. J. This case certainly presents a question of some difficulty. Oliver Page died seized of real estate, leaving one daughter his heir at law. His estate was represented insolvent, and it is conceded, proved to be deeply insolvent; so that the whole of his property, including the proceeds of all his real estate, to be sold by his administrator, under license, was insufficient to pay his debts. After the death of the intestate, and before his administrator had obtained license to sell the real estate, the respondents filed their location, by which a part of said real estate was taken for the railroad. The question is, whether the heir or the administrator has the right to claim and receive the damages for the land thus taken.

No act of legislation has provided for this case, and there is no judicial decision in point. The argument for the administrator carries with it a strong semblance of equity. The policy of the law certainly is, to make a deceased debtor's real estate liable for the payment of debts, and the heir takes his inheritance subject to that liability, so far as it is created by law. But the same law, which has declared this liability

of real estate for the payment of debts, has prescribed the mode, and the only mode, in which it shall be carried into effect, and that is, by a sale under a license. The heir then takes the estate according to the well-known rule of inheritance, at the time of the decease of the ancestor, subject only to be divested by a sale, pursuant to law, conducted in the manner prescribed by statute. All the legal consequences of this relation are held to follow. The heir is the owner till he is divested; he has the exclusive possession and right of possession; he may take the rents and profits to his own use, and without account. The administrator has no interest or estate, and until a recent statute, not affecting the question, he had no right of entry or action in or to the estate, before license obtained. He had no claim to the rents and profits, and his sale, when made, took effect from the time it was made, and did not relate back to the decease of the ancestor. These are familiar principles, which do not need the citation of authorities for their support.

The right to damages for land taken for public use accrues, and takes effect, at the time of taking, though it may be ascertained and declared afterwards. That time, in the case of railroads, *prima facie,* and in the absence of other proof, is the time of the filing of the location. See *Charlestown Branch Railroad* v. *Middlesex,* 7 Met. 78, and *Davidson* v. *Boston & Maine Railroad,* 3 Cush. 91, 106.

In the present case, the heir at law being seized and possessed of the estate taken, at the time of the taking, subject only to be defeated by a sale, not then made, or authorized and licensed by the competent authority to be made, the court are of opinion, that she was the owner within the meaning of Rev. Sts. *c.* 39, §§ 55, 56, and entitled to the damages, to be recovered of the respondents for such land; and of course that the administrator was not so entitled.

*Judgment of the court of common pleas rejecting the verdict for the administrator affirmed.*